## Commonwealth v. Miller

*Peter P. Griffin*, for petitioner.
*J. Michael Williamson*, for respondent.

BROWN, *P.J.*, August 2, 1979—

## FACTS

Richard Anthony Miller II was born on March 25, 1965. His parents are Richard Miller and Dixie Miller who were married on December 5, 1964, and divorced on January 22, 1973. Since his parents' separation he has resided with his mother, and for the last five to six years that residency has been maintained in Delaware County, Pa.

On February 14, 1973, a support order was entered in Clinton County (Domestic Relations Division—no. 20, January term, 1973) requiring petitioner to pay support for his son. This order was modified on October 15, 1974, to provide for petitioner to have certain visitation rights with respect

to Richard. The parties have never engaged in a judicial proceeding where Richard's primary custody was in issue.

On July 1, 1979, Richard came to Lock Haven for summer visitation with petitioner while his mother and her boyfriend were traveling through Canada and New England. This visitation was to terminate on July 22, 1979. However, during this visitation Richard expressed a strong preference to petitioner to remain in his custody and not to return to his mother. His preference is based upon a number of factors including neglect arising from his mother's alleged excessive use of alcoholic beverages, her inability to financially provide basic living needs, and her manner of exercising her relationship with her boyfriend. Richard has also expressed a fear of retaliation from his mother for his open desire to live with his father and has cited specific past threats which he claims his mother has made against him and herself.

As a result of Richard's preference, his father filed a petition in Clinton County on July 20, 1979, requesting the court to litigate the issue of Richard's primary custody and to grant him temporary custody pending such determination. This relief was granted and the matter was scheduled for a hearing on August 6, 1979. Subsequently, on July 24, 1979, respondent filed an objection to the court's jurisdiction on the matter, and following hearing and arguments on that issue, the matter is ready for disposition.

## DISCUSSION

(1) In support of her objection to jurisdiction, respondent relies upon the Commonwealth Child Custody Jurisdiction Act of April 28, 1978, P.L. 108,

sec. 1 et seq., 11 P.S. §2401 et seq. Initially, she contends that jurisdiction is lacking in Clinton County under section 4 of the aforesaid statute, and in the alternative if jurisdiction is appropriately in Clinton County that it should be rejected in favor of Delaware County based on the inconvenient forum provisions of section 8 of the statute.

(2) Section 4, 11 P.S. §2404, provides four separate jurisdictional tests. While most of these jurisdictional standards do not support jurisdiction in Clinton County, the provisions of section 4(a)(3) provide for jurisdiction when "the child is physically present within the court's jurisdiction and . . . it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent."

Richard's presence in Clinton County coupled with his allegations of fear for his well-being with his mother as well as his allegations of neglect are sufficient jurisdictional items to allow the case to proceed in Clinton County pursuant to the aforesaid statute. Whether his allegations are true or otherwise have merit would necessarily have to await a custody hearing.

(3) Respondent's second argument based upon section 8, 11 P.S. §2408, that Clinton County is an inconvenient forum is more persuasive. Under this statutory provision, the court ". . . may decline to exercise its jurisdiction . . . if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that another court is a more appropriate forum."

In assessing the inconvenient forum issue, the standards enumerated in section 8(c) suggest that Clinton County is an inconvenient forum and that

Delaware County is a more appropriate court to handle this matter. These include Richard's home in Delaware County and the fact that Delaware County has a closer connection with Richard and his mother than does Clinton County. A third factor of some weight is the whereabouts of the evidence which must be considered in resolving the issue of custody. Keeping in mind that the present petition seeks a change in the status quo which exists in Delaware County, much of the relevant evidence to be presented must of necessity originate from that county. Such things as Richard's educational training and any personal relationships existing between him or his mother involve access to people residing in Delaware County.

(4) Finally, it can be noted that the exercise of jurisdiction in Clinton County might well contravene the purpose of section 2 of the Commonwealth Child Custody Jurisdiction Act. This result is discouraged by section 8(c)(5). With regard to this point, specific reference can be made to section 2(a)(3) which recites that inter alia, the statute is designed to "assure that litigation concerning the custody of a child take place ordinarily in the jurisdiction with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training and personal relationships is most readily available, and that courts decline the exercise of jurisdiction when the child and his family have a closer connection with another court."

Thus, even though Clinton County has jurisdiction in this matter pursuant to section 4, the exercise of that jurisdiction as a matter of convenience under section 8 is questionable. Richard's overall connections with Delaware County over the last

five to six years render that county's court a more appropriate forum to thoroughly inquire into those circumstances which are relevant to his best interests in a custody dispute. Accordingly, the proceedings will be stayed in Clinton County upon the condition that petitioner commence a custody proceeding in Delaware County within 20 days.

Respondent's request for costs, necessary travel and other expenses, including attorney's fees, in these proceedings has been considered and will be rejected. The proceedings in Clinton County appear to have been instituted in good faith involving no improper conduct. Since the court does have discretion under section 8(g) as to whether to require the payment of such items, that discretion will be exercised against their award.

## ORDER

And now, August 2, 1979, based upon the foregoing memorandum, it is hereby ordered that these proceedings be stayed upon the condition that petitioner commence a custody action within 20 days of today's date in the Court of Common Pleas of Delaware County, Pa. Pending said stay, temporary custody of Richard Anthony Miller II shall remain with petitioner until the Delaware County Court has an opportunity to determine if such temporary custody should continue pending a hearing and disposition of the matter. If petitioner fails to institute a custody action within the prescribed time period, then temporary custody of Richard Anthony Miller II in petitioner shall cease, and the child shall be returned to respondent. Upon the commencement of a custody action in Delaware

County, the prothonotary shall forward to Delaware County certified copies of all documents filed of record in Clinton County in these proceedings.

It is further ordered that respondent's request for costs, expenses, and attorney's fees in these proceedings be denied.